UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

CASE NO.:

**NICOLE JOHNSON,**

        Plaintiff,

v.

**INTEGON NATIONAL INSURANCE COMPANY,**

        Defendant.
_____/

## PETITION FOR REMOVAL

Defendant, Integon National Insurance Company (hereinafter, "Integon"), by and through its undersigned counsel, hereby petitions for the removal of the civil action bearing Case Number CACE-18-023822 on the docket of the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, to the United States District Court for the Southern District of Florida - Fort Lauderdale Division. This Court has jurisdiction under 28 U.S.C. §1332, diversity jurisdiction. The grounds for removal are as follows:

**I.      Procedural History**

Plaintiff, Nicole Johnson (hereinafter, "Johnson"), commenced the civil action on or about October 9, 2018, by filing a Complaint against Integon in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. The Summons and Complaint were served upon Integon on or about October 19, 2018. Plaintiff's Complaint alleges one Count for breach of the lender-placed insurance policy issued by Integon to Plaintiff's lender, Seterus, Inc.  Integon timely filed a Motion to Dismiss the Complaint on November 8, 2018.

This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), and is subject to removal pursuant to 28 U.S.C. §1441(a) and (b). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.

## II.     The Case Satisfies the Requirements for Removal to Federal Court

### A.     Diversity

This Court has jurisdiction over this civil action pursuant to 28 U.S.C.A. §1332. Specifically, Plaintiff and Defendant are of diverse citizenship. Plaintiff, Johnson, is a citizen of the State of Florida, and alleges that she owns the property located at 160 Penn Way, Ft. Lauderdale, FL 33312.  Public records obtained from the website of the Broward County Property Appraiser indicate that Plaintiff owns the subject residence and claimed it as homestead for 2016, 2017, and 2018. *See* print-out from the website of the Broward County Property Appraiser's Office, which is attached hereto as Composite Exhibit "1."

Defendant, Integon, is a North Carolina Corporation with its principal address located in the State of North Carolina. *See* Print-out from the website of the Florida Department of State, Division of Corporations, which is attached hereto as Exhibit "2."

### B.     Amount in Controversy

Additionally, the amount in controversy in the instant litigation exceeds $75,000. Plaintiff's Complaint claims that Plaintiff is entitled to recover damages, which Plaintiff alleges was caused by a covered peril. The Complaint does not allege a specific amount of damages.  However, if a Plaintiff in a diversity action has not pled a specific amount of damages, a defendant can properly remove the matter to Federal Court if it can demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds

the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007), *reh'g en banc denied*, Nos. 06-16324, 06-16325, 2008 WL 41327 (11th Cir. Jan. 3, 2008), *petition for cert. filed*, 16 U.S.L.W. 3540 (U.S. Apr. 1, 2008) (No. 07-1246).

In the instant case, Plaintiff is attempting to recover damages pursuant to a lender-placed policy of insurance issued by Integon (Policy Number 7006-0002) to the Named Insured, Seterus, Inc., with the Borrower listed as Nicole Johnson, with coverage limits of $198,000.00 and a policy period of July 19, 2017 to July 19, 2018. *See* Integon Policy Number 7006-0002 which is attached hereto as Exhibit "3."

Plaintiff's Complaint alleges a breach of contract related to Claim Number L17048297. On October 9, 2017, Plaintiff reported wind damage to her home with a September 9, 2017 date of loss (Hurricane Irma). Integon acknowledged the claim and assigned Claim Number L17048297. In response to the claim, Integon retained Pacesetter Claims ("Pacesetter") to investigate the loss. A field adjuster from Pacesetter inspected the residence. Thereafter, Integon issued a claim decision letter dated November 27, 2017, for Claim Number L17048297. A Copy of Integon's letter dated is attached hereto as Exhibit "4." The letter partially accepted coverage for the claim and advised a portion of the loss was not covered under the policy, as it was unrelated to the wind claim. *Id*. Payment was made in the amount of $19,834.18 before depreciation and application of the deductible.

Thereafter, Plaintiff's representative notified Integon, by email dated March 28, 2018, that Plaintiff was requesting a supplemental payment and provided its own estimate of damages prepared by People's Insurance Claims Center, Inc. ("People's), totaling

$110,959.84. A copy of the email is attached hereto as Exhibit "5". The estimate is attached hereto as Exhibit "6."

By agreement, People's completed a re-inspection of the residence. Thereafter, Integon issued a claims decision letter dated May 18, 2018 for Claim Number L17048297, including the agreement to issue a supplemental payment of $4,726.33 based upon the revised damage amount of $24,769.84 . *See* Integon's letter dated May 18, 2018, which is attached hereto as Exhibit "7."

Plaintiff continues to dispute the value of the loss. In her Complaint, Plaintiff alleges that Defendant "continues to refuse to pay the full amount of [the] covered losses despite Plaintiff's demand for full payment." *See* Complaint ¶18. The amount in dispute is the People's Estimate less sums paid on the claim ($110,959.84 less $24,769.84 for payments made - before deductibles and depreciation). Based on the above, Plaintiff seeks damages in the amount of $86,190.00.[1]

Accordingly, the damages claimed by Plaintiff, ( $86,190.00) exceed the sum of $75,000.00, exclusive of interest and costs. Therefore, jurisdiction is proper.

### III.   Removal is timely

This Petition for Removal is filed within thirty (30) days from the date on which Defendant, Integon, was served, *i.e.*, October 19, 2018. Accordingly, this Petition is timely under 28 U.S.C. §1446(b)(1).

### IV.   All required documents from the Circuit Court Action are attached

---

[1] Nothing in this pleading or in the referral to these estimated costs should be considered an admission of liability by Integon nor should it have any bearing on the defenses or rights available to Integon in this litigation. Rather, this information is being submitted solely with regard to the issues of the amount in controversy as it relates to Federal Jurisdiction.

4

Pursuant to 28 U.S.C. §1446(a) copies of all process, pleadings, and orders served between Plaintiff and Defendant are included, together with this Petition for Removal, which are attached hereto as Composite Exhibit "8".

## V.     Proper Notice of this Petition for Removal has been provided to all Parties and the Court

Concurrent with the filing of this Petition for Removal, notice is being given to all parties, and a copy of this Petition for Removal is being filed with the Clerk of Court for the Seventeenth Judicial Circuit Court in and for Broward County, Florida.

WHEREFORE, Defendant, Integon Insurance Company, gives notice that the proceeding bearing Case Number CACE-18-023822 on the docket of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, entitled *Nicole Johnson v. Integon National Insurance Company*, is removed therefrom to the docket of this Court for trial and determination as provided by law. Defendant, Integon National Insurance Company, prays that this Honorable Court enters such orders and issues such processes as may be proper to bring before it a copy of all related records and proceedings in the State Court and thereupon proceed with this civil action as if it had originally commenced in this Court.

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF to: Moshe Rubinstein, Esq., Moshe Rubinstein Law Firm, P.A., 6100 Hollywood Boulevard, Hollywood, FL 33024 (Moshe@moshelaw.com), this 16th day of November, 2018.

By: */s/ Charles Andrew Tharp*
Charles Andrew Tharp, Esquire
Florida Bar No.: 0746134
LEITER, BELSKY & THARP
Attorneys for Defendant
707 S.E. Third Avenue, 3rd Floor
Fort Lauderdale, Florida 33316
(954) 462-3116 - Office
(954) 761-8990 - Facsimile
Atharp@lbtlegal.com - primary
Wstraus@lbtlegal.com - secondary